UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

THOMAS VINCENT OKSENTOWICZ,

    Debtor.
_____/      Case Nos.  04-73913 and 04-74260

NEW BALTIMORE TOWERS,      Honorable John Corbett O'Meara

    Appellant/Cross-Appellee,

v.

THOMAS VINCENT OKSENTOWICZ,

    Appellee/Cross-Appellant.
_____/

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S SEPTEMBER 23 AND NOVEMBER 1, 2004 ORDERS

This matter came before the court on appeal from two orders of the United States Bankruptcy Court for the Eastern District of Michigan.  New Baltimore Towers filed a timely appeal of the bankruptcy court's September 23, 2004 order granting debtor Thomas Oksentowicz's motion for relief from discrimination (Case No. 04-73913).  Debtor filed a timely cross-appeal of the bankruptcy court's November 1, 2004 order denying Debtor's motion for reconsideration or clarification regarding damages (Case No. 04-74260).  The matters have been fully briefed; no oral argument was heard.

## BACKGROUND FACTS

New Baltimore Towers ("NBT") is a private, for profit, limited partnership. On May 9, 1978, NBT entered into the Housing Assistance Payment Contract, a 28-year, nine-month agreement with

the United States Department of Housing and Urban Development ("HUD").  The agreement is still in effect.  Through a federal program designed to encourage private, real property owners to rent to lower income persons who are eligible for subsidized housing, NBT agreed to lease 99 rental units to low income families.

Debtor Thomas Oksentowicz had been released and discharged from his debt on June 12, 2003, after filing for bankruptcy.  He subsequently applied for tenancy with NBT but was notified via letter on December 22, 2003, that his application had been denied due to his poor credit history.[1]  Oksentowicz sent NBT a letter on January 12, 2004, indicating that NBT may be in violation of the anti-discrimination provision of the United States Bankruptcy Code, 11 U.S.C. § 525 (a), and asked for reconsideration of his application.  AIMCO, an agent of NBT, responded on January 14, 2004, stating that Oksentowicz had been rejected because of his past credit history based on RentGrow's total screening system.  Oksentowicz requested a copy of the evaluation used by RentGrow, but he never received one.  He was, however, able to obtain his credit report, which RentGrow relied on for its screening.

On May 26, 2004, Oksentowicz filed suit against NBT in bankruptcy court, alleging that NBT violated the anti-discrimination provision of the Bankruptcy Code.  On September 23, 2004, Chief Judge Rhodes held that NBT was a governmental unit because of "significant entwinement" and was in violation of 11 U.S.C. § 525(a).  NBT filed this appeal on October 5, 2004.

The bankruptcy court also ordered NBT to accept Oksentowicz's housing application and granted attorney's fees after allowing Oksentowicz's attorney 14 days to file and serve a statement of attorney fees.  However, after Oksentowicz's attorney filed and served his statement and NBT

---

[1] NBT employs RentGrow to screen its applicants.

filed its response, the bankruptcy court denied the request, finding that the debtor did not pay attorney fees; therefore, there was no equitable base for awarding them.  Debtor's attorney's request for reconsideration was denied; and Debtor filed this cross-appeal on November 24, 2004.

## **LAW AND ANALYSIS**

NBT appeals the decision of the bankruptcy court, alleging the bankruptcy court committed reversible error when it held that NBT is a "governmental unit" within the meaning of 11 U.S.C. § 525(a).  The standard of review regarding legal questions is *de novo*.  Gottfried v. Medical Planning Serv. Inc., 280 F.3d 684, 690-691 (6th Cir. 2002).

Title 11 U.S.C. § 525(a) of the Bankruptcy Code provides,

> A governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under ths title or that was discharged under the Bankruptcy Act.

In order for NBT to be in violation of the statute, it must be a deemed a "governmental unit" as defined by 11 U.S.C. § 101 (27):

> United States; State; Commonwealth; District; Territory; municipality; foreign states; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

3

The bankruptcy court held that NBT was a governmental unit because of "New Baltimore Place's 'entwinement' with governmental policies, management or control . . . ." In re Thomas Vincent Oksentowicz, 314 B.R. 638, 641 (Bankr. E.D. Mich 2004).

This is an issue of first impression for this court. Appellate courts in other circuits have addressed the issue whether a private landlord who participates in a subsidized housing program is considered a government unit and subject to § 525(a). The Second Circuit noted that "Section 8 leases . . . arguably do not fall within the protection of § 525(a) because they are government subsidized leases for privately owned housing units between a qualified tenant and a private landlord." In re Stoltz, 315 F.3d 80, 90 n.5 (2d Cir. 2002). Another court held that § 525 does not apply to private persons or entities except in the employment context. In re Rosemond, 105 B.R. 8, 9 (Bankr. W.D. Pa. 1989). Yet another court opined that most courts have held that the term "governmental unit" did not apply to private entities that received public funds and were subject to government regulations. In re Lutz, 82 B.R. 699, 702 (Bankr. M.D. Pa. 1988). Instead, these entities were viewed as private entities, not public. *See* In re Valentin, 309 B.R. 715, 720 (Bankr. E.D. Pa. 2004).

In this case the bankruptcy court disagreed with the other courts' findings.

> The cases . . ., which conclude that entities which 'merely receive public funds and are subject to governmental regulations,' do not adequately analyze the government's involvement. Nor did they consider that the entity was carrying out a governmental function- providing low income housing.

In re Oksentowicz, 314 B.R. at 642. The court found that HUD determined what the property owners could and could not control and that those functions, left to the discretion of the property owners, could not conflict with HUD regulations. HUD also established the security deposit,

4

determined the amount of rent the tenant is to pay and how it is calculated, determined the duration of the lease, established the guidelines and basis for termination of tenancy and evictions, required the private property owner not to reject an applicant for a lack of credit history, and established rules that must "be compliant with HUD requirements" and "not circumvent HUD requirements." Id. at 642.  The court then concluded that there was significant entwinement between HUD and NBT to render NBT a "governmental unit" and that NBT had violated the anti-discrimination provision of the Bankruptcy Code.  This court agrees and will affirm the order of the bankruptcy court.

The court will also affirm the November 1, 2004 order denying Debtor's motion for reconsideration or clarification regarding damages.  The bankruptcy court had initially concluded that Debtor should be award attorney fees and gave his attorney 14 days to serve a statement of those fees.  The attorney, to his credit, admitted that no attorney fees were charged to Debtor; and the bankruptcy court determined that its equitable basis for awarding the fees in the first place did not exist and then denied the request for fees.

## ORDER

It is hereby **ORDERED** that the September 23, 2004 order of the bankruptcy court is **AFFIRMED.**

It is further **ORDERED** that the November 1, 2004 order of the bankruptcy court is **AFFIRMED.**

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: September 16, 2005